> IN THE UNITED STATES DISTRICT COURT
> FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal Case No. DKC 16-560 |
| BILLY JEROD PROCTOR | : |

**MEMORANDUM OPINION**

Billy Jerod Proctor filed motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the "extraordinary and compelling reasons" presented by his vulnerability to COVID-19. (ECF Nos. 55; 58; 63). He is currently serving a 90-month sentence as a result of his convictions for possession of controlled substances with intent to distribute and possession of a firearm after conviction of a felony. Mr. Proctor currently is serving his sentence at FCI Allenwood in Pennsylvania. According to the BOP website, his current projected release date is April 20, 2023.[1] For the following reasons, the motion for compassionate release will be denied, without prejudice to renewal.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions,

---

[1] The first two motions were filed pro se. The third was filed by counsel. The third is the only one to which the Government responded.

including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id*. § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to allow prisoners to seek a sentencing reduction directly from the court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person

> or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Judge Hollander described the next step of the analysis:

> Accordingly, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must demonstrate that (1) "extraordinary and compelling reasons" warrant a reduction of the sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13.
>
> U.S.S.G. § 1B1.13 is titled "Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A) Policy Statement." The text mirrors the statute. Application Note 1 of U.S.S.G. § 1B1.13 defines "Extraordinary and Compelling Reasons" in part as follows (emphasis added):
>
>> 1. Extraordinary and Compelling Reasons. Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>>
>> (A) Medical Condition of the Defendant.—
>>
>> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>> **(I) suffering from a serious physical or medical condition**,

3

>>(II) suffering from a serious functional or cognitive impairment, or
>
>>(III) experiencing deteriorating physical or mental health because of the aging process,
>
>that **substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility** and from which he or she is not expected to recover.

Other extraordinary and compelling reasons include the age of the defendant (Application Note 1(B)) and Family Circumstances (Application Note 1(C)). Application Note 1(D) permits the court to reduce a sentence where, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 App. Note 1(D).

The BOP regulation appears at Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 2582 and 4205. The Guideline policy statement in U.S.S.G. § 1B1.13, along with the application notes, and BOP Program Statement 5050.50 define "extraordinary and compelling reasons" for compassionate release based on circumstances involving illness, declining health, age, exceptional family circumstances, as well as "other reasons."

On March 26, 2020, Attorney General William Barr issued a memorandum to Michael Carvajal, Director of the BOP, directing him to prioritize the use of home confinement for inmates at risk of complications from COVID-19. *See Hallinan v. Scarantino*, 20-HC-2088-FL, 2020 WL 3105094, at *8 (E.D.N.C. June 11, 2020). Then, on March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281. In relevant part, the CARES Act authorized the Director of BOP to extend the permissible length of home confinement, subject to a finding of an emergency by the Attorney General. *See* Pub. L. No. 116-136, § 12003(b)(2). The Attorney

4

> General issued a second memorandum to Carvajal on April 3, 2020, finding "the requisite emergency . . . ." *Hallinan*, 2020 WL 3105094, at *9. Notably, the April 3 memorandum "had the effect of expanding the [BOP's] authority to grant home confinement to any inmate...." *Id*.
>
> The Department of Justice ("DOJ") has recognized the unique risks posed to inmates and BOP employees from COVID-19. The DOJ recently adopted the position that an inmate who presents with one of the risk factors identified by the CDC should be considered as having an "extraordinary and compelling reason" warranting a sentence reduction. *See also* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I).

*United States v. Kess*, No. 14-cr-480-ELH, 2020 WL 3268093, at *3–4 (D.Md. June 17, 2020) (footnote omitted).

Mr. Proctor argues that he meets the "extraordinary and compelling reasons" because his underlying medical conditions (peripheral artery disease, prior heart attack, mediastinal lymphadenopathy, sarcoidosis) make him especially vulnerable to COVID-19. He asserts that he does not pose a danger to the community, and the § 3553(a) factors warrant release.

He states, only conclusorily, that his conduct, while serious, was not violent, that he is not a danger because he has to walk with a cane and leads a sedentary life, and that he has a well-thought out release program.

The Government opposes release, arguing that Mr. Proctor has not exhausted his administrative remedies, is not eligible because he has not substantiated any underlying medical condition, and the § 3553(a) factors do not support release. Because the Government

5

is correct on the first argument, it will not be necessary to address the other arguments at this time.

The requirement to exhaust administrative remedies requires, first, that the prisoner direct a request to the warden to bring a motion on his behalf.  Whether a question of subject matter jurisdictional or mandatory claims processing, it must be satisfied, at least when raised by the Government.  *See, United States v. Alam*, 960 F.3d 831, 832-35 (6th Cir. 2020).

Mr. Proctor apparently made a request or requests to the warden, but the actual contents are not before the court.  The documents that have been provided only show that he requested consideration for home confinement.  A request for compassionate release is different from a request for home confinement under the Cares Act.  While some courts have concluded that a request that refers to the Cares Act, rather than to compassionate release, can suffice, most have done so only for a request that refers to COVID-19 and/or a prisoner's underlying medical conditions.  *See, e.g., United States v. Murray*, 2020 WL 4000858 *3 (E.D. La. July 15, 2020); *United States v. Carr*, 2020 WL 2847633 *3 (W.D.Va. June 2, 2020).  It has not been shown that this request does either.  Accordingly, it is not sufficient to demonstrate administrative exhaustion.

Accordingly, the motion for compassionate release will be DENIED without prejudice.  If Mr. Proctor files a new motion, in

addition to establishing exhaustion of administrative remedies, he would be well advised to support his assertions as to underlying medical conditions and release plan in the materials supplied to this court. He may file personal information under seal, if necessary.

                                                                           /s/
                                          DEBORAH K. CHASANOW
                                          United States District Judge